CLAY, Circuit Judge,
concurring in part and dissenting in part.
I concur in the judgment, but part company with the lead opinion’s reasoning in several respects. Additionally, I disagree with the lead opinion’s instructions to the district court on remand. Lamentably, inasmuch as each opinion issued from this panel today diverges, we are providing no clear instructions to the district court on remand.
First, the lead opinion correctly concludes that Plaintiff had no duty to defend in the suits brought against Defendant by Johnny Mathis (“Mathis”) and Ronald Wheeler’s Estate (“Wheeler’s Estate”) under the terms of its commercial general liability policy (hereinafter “the Policy”). However, the lead opinion engages in a rather protracted and, in my view, unnecessary discussion of the meaning of “furnished to” in the Policy’s definition of “temporary worker.” This discussion apparently follows from the lead opinion’s speculation that “[t]he allegation of ‘employee’ status in a complaint ... could potentially have a different meaning than that in the CGL Policy,” and from the lead opinion’s conflation of the standards triggering the duty to indemnify as opposed to the duty to defend. (Maj. Op. at 965) Like the lead opinion, I find that Plaintiff had no duty to defend the suits brought by Mathis and Wheeler’s Estate, but on different grounds.
“An insurer’s duty to defend is triggered when its policy arguably, as opposed to distinctly, covers the claims being made, and continues until the facts and the law establish that the claimed loss is not covered.” Standard Fire Ins. Co. v. Chester O’Donley & Assocs., Inc., 972 S.W.2d 1, 11 (Tenn.Ct.App.1998) (internal citations omitted); see also Drexel Chem. Co. v. Bituminous Ins. Co., 933 S.W.2d 471, 480 (Tenn.Ct.App.1996). To mark the boundaries of an insurer’s duty to defend, “courts typically begin and end their analysis with the four corners of the complaint.” Smith & Nephew Inc. v. Fed. Ins. Co., 113 Fed.Appx. 99, 102 (6th Cir.2004) (unpublished) (citing St. Paul Fire & Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 834-35 (Tenn.1994)). Thus, to determine whether the insurer has a duty to defend, we look to the policy itself and to the complaints filed in underlying suits against the insured.
As the lead opinion notes, the Employer’s Liability provision in the Policy excludes coverage for:
“Bodily injury” to:
(1) An “employee” of the insured arising out of and in the course of:
(a) Employment by the insured; or
(b) Performing duties related to the conduct of the insured’s business;
This exclusion applies:
(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury....
(J.A. at 32) By its terms, the Policy defines “employee” to “include[] a ‘leased worker,’ ” but not “a ‘temporary worker.’ ” (Id. at 40) The Policy further defines “tempo *973 rary worker” as “a person who is furnished to [the company] to substitute for a permanent ‘employee’ on leave or to meet seasonal or short-term workload conditions.” (Id. at 42)
The complaints filed by Mathis and Wheeler’s Estate each clearly allege that Mathis and Wheeler, respectively, were “employees” of Defendant working at the time of the incident. Notably, they do not allege that Mathis and Wheeler were “temporary workers,” that they were “furnished to” Defendant as substitutes for permanent employees on leave, or that they were hired on a seasonal or short-term basis. From the face of their complaints, then, it is “plain” that Mathis and Wheeler’s Estate “fail[ed] to state facts that bring the[ir] case[s] within or potentially within the policy’s coverage.” See Drexel Chem. Co., 933 S.W.2d at 480. In my view, the allegations on the face of the complaints filed by Mathis and Wheeler’s Estate simply do not save their suits from the Policy’s Employer’s Liability provision, and raise no question as to whether Mathis and Wheeler fall within the “temporary worker” exception to the definition of “employee” in the Policy. In so concluding, I do not find it necessary to resolve any ambiguity—whether real or imagined—in the meaning of “furnished to” in the Policy’s definition of “temporary worker.”
Second, the lead opinion employs faulty logic in characterizing the district court’s holding—that “a genuine issue of material fact [existed as to] whether the underlying claimants were employees or temporary workers” under the Policy—as incongruous with the court’s conclusion that the underlying complaints triggered no duty to defend. (See Maj. Op. at 965) What is more, with no detailed discussion of Plaintiffs duty to indemnify, the lead opinion later summarily concludes that because Wheeler and Mathis were employees, and not temporary workers, “the reasoning of the district court in its February 19, 2004 order denying summary judgment with regard to indemnification was in error, [but] the court’s final judgment was not.” (Maj. Op. at 968)
In my view, the question of Plaintiffs duty to indemnify is not properly before this Court. At any rate, there is no inherent tension between the district court’s holdings that questions of fact remained on the duty to indemnify, but that Plaintiff had no duty to defend. Although the duty to defend is defined by the allegations on the face of the plaintiffs complaint, the duty to indemnify requires more searching inquiry into the underlying state of affairs. See Torpoco, 879 S.W.2d at 835 (citation omitted). That is, the duty to indemnify depends on the actual state of the facts— here, whether Mathis, Wheeler and Wynn were “employees” within the Policy’s terms or not. Genuine issues of material fact remained when the district court denied summary judgment on the issue of Plaintiffs duty to indemnify. These issues of fact remained unresolved when the parties settled the underlying claims, and the district court declined to revisit the question of indemnification when it subsequently denied Defendant’s Rule 60(b) motion for relief from judgment. I would not revisit the issue of Plaintiffs duty to indemnify here.
Having set forth my concerns, I nevertheless concur in the judgment. Like the lead opinion, I would affirm with respect to Plaintiffs duty to defend in the Mathis and Wheeler suits, affirm the district court’s denial of Defendant’s Rule 60(b) motion for relief from judgment, reverse with respect to Plaintiffs duty to defend in the Wynn suit, and remand for further proceedings. However, I disagree with the lead opinion’s instructions to the district court, and reiterate that this panel has not adopted a single and uniform mandate to guide the district court. On remand, I would in *974 struct the district court to determine the nature and extent of Plaintiffs duty to defend in the Wynn suit in light of Wynn’s amended complaint and the facts on the record and, correspondingly, to calculate the amount of costs and fees due and owing Defendant for the defense of the Wynn suit during that time.